UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOSE ALONZO CORPUS,

Plaintiff,

v.

TONY BENNETT,
COUNTY OF LESUEUR, and
PAT W. SMITH,

Defendants.

Civil No. 00-2060 (ADM/AJB)

**ORDER**

Plaintiff commenced this action on September 1, 2000, by filing a complaint seeking relief under 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, which was granted on December 11, 2001. (See Order dated December 11, 2001; [Docket No. 29].) On January 2, 2002, Plaintiff filed a Notice of Appeal. (Docket No. 32.) He did not tender the $105 filing fee for his appeal, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 31.) That application is now before the Court.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To

FILED JAN 09 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A party's application for IFP status on appeal must be accompanied by an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a). A description of the specific issues to be raised on appeal is necessary so that the district court can identify which, if any, of the appellant's claims are brought in good faith. If the appellant does not describe the specific issue(s) to be raised on appeal, the district court has no proper basis to conclude that the appellant has satisfied the good faith requirement of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a).

In the instant case, Plaintiff's IFP application shows that (a) he is not currently employed, (b) he has no current source of income, and (c) his only asset is his home in Texas. Based on these representations concerning his financial affairs, the Court finds that Plaintiff is financially eligible for IFP status.

Plaintiff's IFP application will not be granted, however, because the Court cannot say that his appeal is taken in good faith. Plaintiff's IFP application is not accompanied by the required statement of the issue(s) that he seeks to raise on appeal, so the Court cannot conclude that the good faith standard has been met.

Moreover, the Court cannot independently perceive any basis for taking an appeal in this matter. Plaintiff has not offered any evidence that would support a § 1983 claim against Defendants County of LeSueur or Sheriff Pat Smith, so he has no arguable basis for appealing the dismissal of

his claims against those two Defendants. Plaintiff's only potentially viable claims are against Defendant Tony Bennett. Those claims, however, were specifically dismissed without prejudice, to enable Plaintiff to pursue them in his currently pending case of Corpus v. Bennett, No. 01-2060 (DSD/JMM). Given that Plaintiff has no arguable claim against two of the Defendants (the County and the Sheriff), and his means of prosecuting his claims against the only other Defendant (Bennett) have been preserved, the Court can find no proper grounds for an appeal in this matter.

In sum, Plaintiff will not be granted leave to proceed IFP on appeal, because he has not identified any specific issue that satisfies the good faith requirement of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), and the Court cannot independently identify any such issue.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 31), is DENIED.

Dated: January 9, 2002

ANN D. MONTGOMERY
United States District Court Judge